HARRIET A. REYNOLDS, appellant, from decision of the Judge of Probate for Androscoggin County.

Where an intestate dies without issue, father or mother, but leaving a sister, a child of a deceased sister, and children of a deceased child of a deceased sister, such children will, by virtue of c. 75, of R. S. of 1857, be entitled to a distributive share of the estate by right of representation.

ON EXCEPTIONS.

APPEAL from a decision of the judge of probate for this county, wherein he decreed that Hattie C. Pulsifer, Benjamin T. Chase,

and Mary E. Chase were entitled to a distributive share of the estate of one Belinda Andrews, deceased, intestate.

It appeared that one Hannah Little died leaving one child, Harriet A. Reynolds (appellant), and three grandchildren, Hattie C. Pulsifer, Benjamin T. Chase, and Mary E. Chase, children of George W. Chase, a deceased son of said Hannah Little; that subsequently one Belinda Andrews, a *feme sole* and sister of Hannah Little, died intestate, leaving no father, mother, or issue, but one sister. The judge of probate decided, that, upon the foregoing facts, Hattie C. Pulsifer, Benjamin T. Chase, and Mary E. Chase, inherited a share of the estate of Belinda Andrews. The presiding judge at *nisi prius* affirmed the decree of the judge of probate, and thereupon the appellant alleged exceptions.

*C. Record*, in support of the exceptions, cited *Quimby* v. *Higgins*, 14 Maine, 309.

*Pulsifer & Frost*, contra.

APPLETON, C. J. The appellant is the only living child of Hannah Little, a sister of Belinda Andrews, who died intestate, leaving neither father, mother, nor issue; but leaving one sister one child of a deceased sister (the appellant), and three grandchildren of said deceased sister. The question to be determined is whether the grandchildren inherit the estate which would have descended to their father, a brother of the appellant, had he survived.

By St. of 1821, c. 38, § 17, "if the intestate leave no issue, father, brother, or sister, then the same (his estate) shall descend to his mother, if any, but if there be no mother, then to his next of kin in equal degree; the collateral kindred claiming through the nearest ancestor, to be preferred to the collateral kindred claiming through a common ancestor, more remote," &c.

In *Quimby* v. *Higgins*, 14 Maine, 311, Emery, J., says: "The rightful claimant of the estate must be one who claims not only through the nearest ancestor, but also as the next of kin. If broth-

ers and sisters be all dead, leaving children, they take as next of kin ; but if some of those children of a brother should be dead, while others are living, such children cannot take, for they are not next of kin as long as any of the brother's children be living."

. By the third rule of descent as established by R. S. 1857, c. 75, § 1, " If no such issue or father, it descends in equal shares to her mother, brothers, and sisters ; and when a brother or sister has deceased, to his or her children or grandchildren by right of representation."

It will be perceived that the words " next of kin in equal degree," found in the statute of 1821, are omitted, and that special provision is made for grandchildren. These changes are significant and were intended to prevent the result to which the court arrived in *Quimby* v. *Higgins*, before cited. The brother of the appellant would have taken equally with her if living. His children, the grandchildren of his mother, take his share by right of representation. This seems the obvious as well as just intention of the legislature.

The words " next of kin in equal degree " are found in rule fifth, · where effect is to be given to them. But each rule is to be construed separately and with reference to the conditions therein assumed as existent.

<em>Decree of the Judge of Probate affirmed with costs.</em>

CUTTING, WALTON, DICKERSON, BARROWS, and DANFORTH, JJ., concurred.